**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE RODRIGUEZ and<br>MARY ARROYO<br>on behalf of plaintiffs and a class,<br><br>                Plaintiffs,<br><br>      vs.<br><br>ANSELMO LINDBERG &<br>ASSOCIATES LLC;<br>BOSCO CREDIT II TRUST<br>SERIES 2010-1, a Delaware<br>statutory trust,<br>FRANKLIN CREDIT<br>MANAGEMENT CORPORATION,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs Jose Rodriguez and Mary Arroyo bring this action to secure redress from unlawful collection practices engaged in by defendants Anselmo Lindberg & Associates, LLC ("Anselmo"), Bosco Credit II Trust Series 2010-1, a Delaware statutory trust ("Bosco 2010-1"), and Franklin Credit Management Corporation ("Franklin Credit").  Plaintiffs allege a class claim against Anselmo for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and individual federal and state law claims against the other defendants.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337 and  28 U.S.C. §1367.

8.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendant Anselmo has offices within this District;

      b.      Defendants Bosco 2010-1 and Franklin Credit contracted with Anselmo to have illegal conduct performed on their behalf at Anselmo's offices within this District;

      c.      A material part of the acts complained of occurred within this District.

## PARTIES

9.      Plaintiffs Jose Rodriguez and Mary Arroyo are individuals who reside in the Northern District of Illinois.

10.      Defendant Anselmo is a law firm with about 15 attorneys organized as an

Illinois limited liability company.  It has  principal offices at 1771 W Diehl Road, Suite 120,

Chicago, IL 60563, from which all of the conduct complained of took place.

      11.     Defendant Anselmo is engaged in the collection of consumer debts for others,

using the mails, telephone system, and Internet for that purpose.

      12.     Defendant Anselmo has a web site (https://anselmolindberg.com/default/)  where

it describes itself as follows: "At Anselmo Lindberg & Associates LLC, we have foreclosure,

bankruptcy, eviction and litigation departments . . .  Our experienced staff, including attorneys,

clerks, and paralegals concentrate exclusively on the complete residential judicial and

non-judicial foreclosure process, allowing us to serve our clients with unrivaled excellence."

      13.     Defendant Anselmo is a debt collector as defined in the FDCPA.

      14.     Defendant Bosco 2010-1 is a Delaware statutory trust entity.  Its trustee,

registered agent and office is Deutsche Bank Trust Company Delaware, 1011 Centre Rd., Ste,

200, Wilmington, DE  19805-1266.

      15.     Defendant Bosco 2010-1 is engaged in the business of acquiring (or claiming to

acquire) defaulted consumer debts and liquidating them.

      16.     Defendant Bosco 2010-1 is one of a number of "Bosco" entities under common

ownership and management, including on information and belief:

| | |
|---|---|
| 5015934 | BOSCO CAPITAL LLC |
| 4874310 | BOSCO CREDIT II TRUST SERIES 2010-1 |
| 4900768 | BOSCO CREDIT II TRUST SERIES 2010-1 |
| 6521086 | BOSCO CREDIT II TRUST SERIES 2017-1 |
| 6535233 | BOSCO CREDIT II TRUST SERIES 2017-1 |
| 4868233 | BOSCO CREDIT II, LLC |
| 4911610 | BOSCO CREDIT III TRUST SERIES 2010-1 |
| 4902609 | BOSCO CREDIT III, LLC |
| 4917708 | BOSCO CREDIT IV, LLC |
| 4388444 | BOSCO CREDIT LLC |
| 5146150 | BOSCO CREDIT V TRUST SERIES 2012-1 |
| 5103548 | BOSCO CREDIT V, LLC |
| 5146147 | BOSCO CREDIT VI TRUST SERIES 2012-1 |
| 5143757 | BOSCO CREDIT VI, LLC |
| 5388928 | BOSCO CREDIT VII, LLC |
| 6504313 | BOSCO CREDIT VIII, LLC |

      17.     On information and belief, Franklin Credit collects for all of these Bosco entities.

In recent years, Franklin Credit has attempted to collect or collected debts allegedly owned by Bosco entities from over 1,000 Illinois residents.

18.     Among the methods Bosco 2010-1 and other Bosco entities use to liquidate the debts is filing suit on them.

19.     On information and belief, all or almost all of the revenue of Bosco 2010-1 and the other "Bosco" entities is derived from the liquidation of consumer debts that are in default when they are acquired.

20.     On information and belief, Bosco 2010-1 and the other "Bosco" entities paid pennies on the dollar for the notes and mortgages liquidated.

21.     At no time has Bosco 2010-1 or any of the "Bosco" entities listed above held a debt collection license from the Illinois Department of Financial and Professional Regulation.

22.     Bosco 2010-1 and other "Bosco" entities have nevertheless filed multiple collection and foreclosure lawsuits on consumer debts in Illinois courts.

23.     In addition, Franklin Credit and Anselmo have threatened to file collection and foreclosure lawsuits on consumer debts allegedly owned by Bosco 2010-1 and other Bosco entities in Illinois courts.

24.     Bosco 2010-1 is a debt collector as defined in the FDCPA.

25.     Bosco 2010-1 is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

26.     Defendant Franklin Credit is a Delaware corporation with its principal offices at 101 Hudson Street, 25th floor, Jersey City, NJ 07302. Its registered agent and office is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.

27.     Defendant Franklin Credit is engaged in the servicing and liquidation of non-performing residential mortgage loans owned by others, including Bosco 2010-1 and the other Bosco entities.

28.     Franklin Credit manages collection activities on behalf of Bosco 2010-1 and the

other Bosco entities.  Franklin Credit retains counsel, communicates with consumers, and receives money on their behalf.

29.     Franklin Credit is a debt collector as defined in the FDCPA.

30.     Franklin Credit is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

## FACTS

31.     Defendants have been attempting to collect from Mr. Rodriguez and Ms. Arroyo an alleged debt consisting of a second mortgage loan.

32.     The loan was obtained for personal, family or household purposes and not for business purposes.

33.     The debt is allegedly owned by Bosco 2010-1.  Anselmo and Franklin Credit are attempting to collect it.

34.     On or about April 24, 2018, Bosco 2010-1, represented by Anselmo, who was acting at the direction of Franklin Credit, filed a foreclosure suit against Mr. Rodriguez and Ms. Arroyo in Cook County Circuit Court, case 2018-CH-5297.  A copy of the complaint is in Appendix A.

35.     On or about December 27, 2018, Franklin Credit, on behalf of Bosco Credit 2010-1, sent Mr. Rodriguez and Ms. Arroyo the letter attached as Appendix B, offering a repayment plan.

36.     Anselmo was retained by Franklin Credit.

37.     Franklin Credit retains counsel for the "Bosco" entities listed above, including Bosco 2010-1.

38.     No legal action could lawfully be brought by Bosco 2010-1 or the other "Bosco" entities listed above because they were not licensed.

39.     As a result of the filing, Mr. Rodriguez and Ms. Arroyo were damaged, in that they:

a.      Were required to retain counsel to defend the lawsuit;

b.      Spent time and money defending the lawsuit;

c.      Suffered aggravation and distress.

40.     Defendant Bosco 2010-1 violated 225 ILCS 425/4 by collecting without a license.

41.     225 ILCS 425/3(d) brings debt buyers within the purview of the ICAA by providing that "A person acts as a collection agency when he, she, or it: . . . (d) Buys accounts, bills or other debt . . ."

42.     Additionally, 225 ILCS 425/8.5 states that "A debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act."  (Section 8.6 exempts debt buyers from requirements relating to surety bonds, trust accounts, and written authorization for legal action.)  "Debt buyer" is defined in 225 ILCS 425/2 as "person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt."

43.     Section 4 of the ICAA, 225 ILCS 425/4, provides:

> Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the *business of collecting*, solicit claims for others, have a sales office, a client, or solicit a client in this State, *exercise the right to collect*, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.

44.     To prosecute a collection or foreclosure lawsuit is to "exercise the right to collect . . . ."  To prosecute multiple such lawsuits is to engage in the "business of collecting." The ICAA expressly regulates litigation by "collection agencies."  ICAA  §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b.

45.     Section 14b of the ICAA, 225 ILCS 425/14b, provides that the unlicensed

6

operation of a collection agency is a crime:

> § 14b. Penalty of unlawful practice; Second and subsequent offenses. Any entity that practices or offers to practice as a collection agency in this State without being licensed for that purpose, or whose license is suspended, revoked, or expired, or that violates any of the provisions of this Act for which no specific penalty has been provided herein, is guilty of a Class A misdemeanor.
>
> Any entity that has been previously convicted under any of the provisions of this Act and that subsequently violates any of the provisions of this Act is guilty of a Class 4 felony. In addition, whenever any entity is punished as a subsequent offender under this Section, the Secretary shall proceed to obtain a permanent injunction against such entity under Section 14a of this Act.

46.     225 ILCS 425/14a provides:

> Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

47.     "It is well settled that courts will not aid a plaintiff who bases his cause of action on an illegal act." *Chatham Foot Specialists, P.C. v. Health Care Serv. Corp.,* 216 Ill. 2d 366, 380, 837 N.E.2d 48 (2005).  Where a license is required to engage in a business or professional for the protection of the public, one engaging in the business or profession without the required license is barred from maintaining a lawsuit.   "On numerous occasions, Illinois courts have held that, where a licensing requirement has been enacted not to generate revenue, but rather to safeguard the public by assuring them of adequately trained practitioners, the

unlicensed party may not recover fees for services or otherwise enforce a contract." *Chatham,*

*supra*, 216 Ill. 2d 366, 381, 837 N.E.2d 48 (2005).

48.     The licensing requirements of the ICAA were imposed to protect the

public.  In addition to the declaration  in §14a, 225 ILCS 425/14a, the public policy represented

by the ICAA is stated in §1a, 225 ILCS 425/1a:

> Declaration of public policy
>
> Sec. 1a. The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.
>
> It is further declared to be the public policy of this State to protect consumers against debt collection abuse.

49.     Bosco 2010-1's activities, and the activities of the other "Bosco" entities, in

Illinois are not limited to collecting debts from debtors located in Illinois by means of interstate

communication such as telephone, mail, or facsimile transmission from Bosco 2010-1's location

in another state, in that Bosco 2010-1 files lawsuits in Illinois.

50.     Bosco 2010-1's collection activities against Illinois residents are illegal.

<u>COUNT I  – FDCPA  – CLASS CLAIM</u>

51.     Plaintiffs Jose Rodriguez and Maria Arroyo incorporate paragraphs 1-50.

52.     This claim is against all defendants.  It is brought as a class claim against

Anselmo and individually against the other defendants, as they are already named as defendants

in a class action, *Braswell v. Weltman, Weinberg & Reis Co., L.P.A., et al.*, 18cv7626 (N.D.Ill.).

53.     Defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10) by

filing suit and dunning Jose Rodriguez and Maria Arroyo and other Illinois residents, when

Bosco 2010-1 was not licensed to conduct debt collection activities in Illinois.   *Galvan v. NCO*

*Portfolio Management, Inc.*, 794 F.3d 716 (7th Cir. 2015); *LeBlanc v. Unifund CCR Partners*,

601 F.3d 1185, 1190 (11th Cir. 2010).

8

## CLASS ALLEGATIONS

54.     Plaintiffs  bring this claim on behalf of a class against Anselmo, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

55.     The class consists of (a) all individuals with addresses in Illinois (b) with respect to whom Anselmo filed a lawsuit, or sent a letter referring to a lawsuit, (c) to collect a debt allegedly owned by one of the Bosco entities (d) at any time on or after one year prior to the filing of this action.

56.     On information and belief, the class members are so numerous that joinder of all members is not practicable.

57.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

        a.     Whether Bosco 2010-1 and the other Bosco entities are prohibited from filing lawsuits in Illinois because they are not licensed collection agencies;

        b.     Whether filing or threatening lawsuits by or on behalf of an unlicensed debt collector violates the FDCPA, ICAA or ICFA.

58.     Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

59.     Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

60.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class

members and against defendants for:

        i.        Statutory damages;

        ii.       Actual damages;

        iii.     Attorney's fees, litigation expenses and costs of suit;

        iv.     Such other and further relief as the Court deems proper.

## COUNT II – ICFA

61.     Plaintiffs Jose Rodriguez and Maria Arroyo incorporate paragraphs 1-50.

62.     This claim is an individual claim against Bosco 2010-1 and Franklin Credit.

63.     Defendants engaged in unfair practices, in violation of 815 ILCS 505/2, by

filing suit against and dunning plaintiffs when they were prohibited by law from engaging in

such action.

64.     Such conduct was contrary to public policy, as set forth in the ICAA, and

injurious to consumers.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against

defendants for:

        i.        Actual damages;

        ii.       Punitive damages;

        iii.     Attorney's fees, litigation expenses and costs of suit;

        iv.     Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Paul M. Waldera
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824

(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

11

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)