UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ and MARY ARROYO, on behalf of themselves and those similarly situated, | ) ) ) | |
| | ) | 19 C 271 |
| Plaintiffs, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | |
| ANSELMO, LINDBERG & ASSOCIATES, LLC, BOSCO CREDIT II TRUST SERIES 2010-1, and FRANKLIN CREDIT MANAGEMENT CORPORATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jose Rodriguez and Mary Arroyo allege that Anselmo, Lindberg & Associates, LLC,

Bosco Credit II Trust Series 2010-1, and Franklin Credit Management Corporation violated the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois

Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, by bringing a

state court foreclosure action in violation of the Illinois Collection Agency Act ("ICAA"), 225

ILCS 425/1 *et seq.* Doc. 1. Defendants move to stay this suit under *Colorado River Water*

*Conservation District v. United States*, 424 U.S. 800 (1976). Doc. 19. The motion is granted.

**Background**

**A.       The State Court Foreclosure Action**

In April 2018, non-party Deutsche Bank National Trust Company—as trustee on behalf

of Bosco, at the direction of Franklin as Bosco's loan servicer, and with Anselmo as its

counsel—brought a state court foreclosure action against Plaintiffs. Doc. 1 at ¶¶ 14, 17, 23, 27-

28, 34, 36-37; Doc. 1-1 at 2-15; *see Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, No. 18 CH 5297

(Ill. Cir. Ct., Cook Cnty.).  After filing a *pro se* answer, Plaintiffs retained counsel and on January 4, 2019 moved to amend their answer to assert as an affirmative defense that, because Bosco had not obtained a debt collection license, Defendants violated the ICAA by bringing the foreclosure action.  Doc. 28-1.  On February 6, 2019, the state court denied the motion without explanation.  Doc. 28-2.

Later that day, Plaintiffs filed another motion for leave to assert the same affirmative defense, this time attaching a proposed pleading.  Doc. 28-3.  Bosco opposed the motion on the ground that the proposed affirmative defense was futile, Doc. 28-4 at 2-3, and Plaintiffs replied at length that Defendants violated the ICAA by bringing the foreclosure action without Bosco having obtained a debt collection license, *id*. at 3-12.  The state court denied Plaintiffs' motion, this time with an explanation that directly addressed the merits of the ICAA issue: "Defendant's motion for leave to file affirmative defenses is denied, *the court finding no Collection Agency Act violation occurred.*"  Doc. 28-5 (emphasis added).

### B.    This Lawsuit

Plaintiffs brought this suit on January 14, 2019, ten days after filing their first motion for leave to amend in the foreclosure action.  Doc. 1.  Their complaint, which alleges violations of the FDCPA and the ICFA, rests on the same premise as their rejected affirmative defense in the foreclosure action—that Defendants violated the ICAA by bringing that action without Bosco first obtaining a debt collection license.  Doc. 1 at ¶¶ 21-23, 25, 34, 38, 40-50, 53, 57, 63-64.  In fact, Plaintiffs' rejected affirmative defense is substantially identical their complaint in this case.  *Compare id*. at ¶¶ 15, 18, 20, 25, 33, 38, 40-48 *with* Doc. 28-3 at pp. 8-12, ¶¶ 7-8, 10-11, 13-24.

2

**Discussion**

The *Colorado River* doctrine provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. JPMorgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River*, 424 U.S. at 818); *see also Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a 'virtually unflagging obligation … to exercise the jurisdiction given them.'" *AXA Corp. Sols. v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (alteration in original) (quoting *Colorado River*, 424 U.S. at 813, 817). In determining whether to abstain, the court's task is "not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (internal quotation marks and emphases omitted).

The *Colorado River* analysis has two steps. First, the court asks "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018. If the proceedings are not parallel, *Colorado River* abstention must be denied. *See ibid*. If the proceedings are parallel, the court must weigh ten non-exclusive factors to determine whether abstention is proper. *See ibid*.

**I.      The Federal and State Suits Are Parallel.**

"[F]or *Colorado River* purposes … [p]recisely formal symmetry" between the state and federal suits "is unnecessary" to find parallelism. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011); *see also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285,

1288 (7th Cir. 1988) ("Interstate is correct in its assertion that differences [between the two suits]

exist. However, the requirement is of parallel suits, not identical suits."). Rather, suits are

parallel where "substantially the same parties are contemporaneously litigating substantially the

same issues in another forum." *Freed*, 756 F.3d at 1019 (internal quotation marks omitted).

Thus, "[t]he question is not whether the suits are formally symmetrical, but whether there is a

substantial likelihood that the [state] litigation will dispose of all claims presented in the federal

case." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (internal

quotation marks omitted); *see also Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir.

2011) (same). "Any doubt regarding the parallel nature of the [state] suit should be resolved in

favor of exercising jurisdiction." *Adkins*, 644 F.3d at 499 (alteration in original, internal

quotation marks omitted).

The parallelism test is satisfied here. Plaintiffs' FDCPA and ICFA claims rest on the

premise that Defendants violated the ICAA by bringing the foreclosure action without Bosco

having obtained a debt collection license. If there was no ICAA violation in connection with the

foreclosure action, Plaintiffs' FDCPA or ICFA claims necessarily fail. So, the central issue

here—whether Defendants violated the ICAA—is being litigated in the foreclosure action, and

the state trial court has already ruled that there was no violation. Doc. 28-5. If Plaintiffs do not

appeal that ruling, or if they appeal unsuccessfully, the foreclosure action "will dispose of all

claims presented in the federal case" on preclusion grounds, *AAR Int'l, Inc.*, 250 F.3d at 518

(internal quotation marks omitted), by undercutting an essential premise of Plaintiffs' FDCPA

and ICFA claims. That establishes parallelism between the present suit and the foreclosure

action. *See ibid.* (holding that *Colorado River* requires only that there be a "substantial

likelihood," not a certainty, "that the [state court] litigation will dispose of all claims presented in

the federal case") (internal quotation marks omitted); *see also Freed*, 756 F.3d at 1018 (applying

the "substantial likelihood" standard); *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (same).

Plaintiffs contend that *Colorado River* abstention is inappropriate because the state trial

court already ruled on the ICAA issue. Doc. 25 at 3. That contention is unpersuasive. The

ICAA issue is still very much part of the ongoing foreclosure action, and if Defendants obtain a

judgment there, Plaintiffs can appeal on the ground that the trial court wrongly held that

Defendants' bringing the action did not violate the ICAA.

Equally meritless is Plaintiffs' contention that abstention is inappropriate because they

did not bring an FDCPA counterclaim in the foreclosure action. *Id*. at 4. As explained above,

the occurrence of an ICAA violation is an essential premise of Plaintiffs' FDCPA claim here,

and that precise issue is being litigated in the foreclosure action, rendering the two suits parallel.

*See Freed*, 756 F.3d at 1020 (holding that the state and federal suits were parallel because "the

issues [in both suits] will be resolved largely by referencing the same facts and evidence");

*Clark*, 376 F.3d at 687 ("Even though an additional remedy is sought in the federal action, the

liability issues (which are the central legal issues) remain the same in both cases.").

Finally, Plaintiffs contend that abstention is inappropriate because this suit involves

parties (Anselmo and Franklin) that are not parties in the foreclosure action. Doc. 25 at 3. But

the governing test for parallelism is not whether the parties are *completely* the same; rather, it is

whether they are *substantially* the same. *See Clark*, 376 F.3d at 686 ("The addition of a party or

parties to a proceeding, by itself, does not destroy the parallel nature of state and federal

proceedings."); *AAR Int'l*, 250 F.3d at 518 ("Suits need not be identical to be parallel, and the

mere presence of additional parties or issues in one of the cases will not necessarily preclude a

finding that they are parallel.") (citation omitted); *Caminiti*, 962 F.2d at 700-701 (same). The

overlap here—Plaintiffs are the federal court plaintiffs and state court defendants, while Bosco is

a federal court defendant and the entity on whose behalf the state court plaintiff brought the

foreclosure action—easily qualifies. *See Freed*, 756 F.3d at 1020 (holding that the federal

plaintiff's decision to exclude several federal defendants from the state case did not defeat

*Colorado River* abstention); *Clark*, 376 F.3d at 686 (noting that the presence of "four additional

defendants" in the federal case did not defeat *Colorado River* abstention because "[t]heir

inclusion in the federal proceeding [did] not alter the case's central issue," which was "the same

one" presented in the state lawsuit); *Knight v. DJK Real Estate Grp., LLC*, 2016 WL 427614, at

*5 (N.D. Ill. Feb. 4, 2016) (emphasizing that the absence from the federal case of an individual

state court defendant did not destroy parallelism). This is particularly true given that (1)

Plaintiffs are entirely responsible for the non-overlap in parties between the two cases, and (2)

the two new parties here are counsel for Bosco's trustee (Anselmo) and Bosco's loan servicer

(Franklin), both completely aligned with Bosco in the foreclosure action. A federal plaintiff

cannot destroy parallelism via a unilateral decision to name new parties as defendants. *See*

*Freed*, 756 F.3d at 1020 ("[T]he parallel nature of the actions cannot be destroyed by simply

tacking on a few more defendants.") (alteration in original, internal quotation marks omitted);

*Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695-96 (7th Cir. 1985) (affirming

abstention where the alleged lack of parallelism stemmed from the federal plaintiff's choice to

sue certain defendants that were not parties in the state case, and emphasizing that, were

*Colorado River* abstention predicated on the complete identity of parties in the state and federal

cases, the "doctrine could be entirely avoided by the simple expedient of naming additional

parties"); *Freed v. Friedman*, 215 F. Supp. 3d 642, 652 (N.D. Ill. 2016) ("[A] finding that the

cases are not parallel predicated on [the plaintiff's choices of whom to join] would unjustly

reward strategic behavior, because [a potential defendant's] absence from the state proceedings is attributable entirely to [the plaintiff].")); *Knight*, 2016 WL 427614, at \*5 ("[A party] by its unilateral choice cannot destroy parallelism.").

Nor does it matter that Plaintiffs brought this suit as a putative class action. A putative class action is just that—putative, and not yet certified. *See Morlan v. Universal*, 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs."). Consequently, the only plaintiffs before the court are Rodriguez and Arroyo, who are defendants in the foreclosure action. Moreover, a class certification motion likely would fail for lack of Rule 23(a)(4) adequacy. As the Seventh Circuit has held, a proposed class representative is inadequate if he is subject to "even an arguable defense" not applicable to the class as a whole:

> The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer. A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative.

*CE Design Ltd. v. King Architectural Metals Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (citations and internal quotation marks omitted); *see also Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011) (upholding the denial of class certification where the named plaintiffs' claims were "significantly weaker than those of some (perhaps many) other class members," and noting that "named plaintiffs who are subject to a defense that would not defeat unnamed class members are not adequate class representatives"). At this point, Plaintiffs must contend with the state court's ICAA holding, which due to preclusion principles poses a substantial obstacle to their claims here, rendering them inadequate class representatives, at least at this juncture.

II.    **The *Colorado River* Factors Support Abstention.**

The second step in the *Colorado River* analysis requires examining and balancing these

ten non-exclusive factors:

1) whether the state has assumed jurisdiction over property;

2) the inconvenience of the federal forum;

3) the desirability of avoiding piecemeal litigation;

4) the order in which jurisdiction was obtained by the concurrent forums;

5) the source of governing law, state or federal;

6) the adequacy of state court action to protect the federal plaintiffs' rights;

7) the relative progress of state and federal proceedings;

8) the presence or absence of concurrent jurisdiction;

9) the availability of removal; and

10) the vexatious or contrived nature of the federal claims.

*Freed*, 756 F.3d at 1018.  "No one factor is necessarily determinative; a carefully considered

judgment taking into account both the obligation to exercise jurisdiction and the combination of

factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.  The

court addresses each factor in turn.  *See Freed*, 756 F.3d at 1022 (noting that *Colorado River*

abstention requires adherence to "rigorous standards," which the district court met by "carefully

address[ing] each of the ten factors and provid[ing] sufficient explanations for its findings").

1. *Whether the state has assumed jurisdiction over property*.  Because Defendants

initiated a foreclosure action in state court, that court has assumed jurisdiction over Plaintiffs'

mortgaged property, which favors abstention.  *See Beal Bank USA v. Swift*, 2017 WL 372325, at

*4 (N.D. Ill. Jan. 26, 2017).

2. *The inconvenience of the federal forum*.  The state and federal courts are located in downtown Chicago, within blocks of each other.  This factor weighs against abstention. *See Freed*, 215 F. Supp. 3d at 655 (holding that this factor weighed against abstention where the state and federal courts were located in Chicago).

3. *The desirability of avoiding piecemeal litigation*.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines, Inc.*, 862 F.2d 652, 659 (7th Cir. 1988) (internal quotation marks omitted).  "Dual proceedings could involve … a grand waste of efforts by both the court and parties in litigating the same issues regarding the same contract in two forums at once." *Ibid*. (internal quotation marks omitted).  Because the premise underlying Plaintiffs' claims here—whether Defendants violated the ICAA by bringing the foreclosure action— presents an issue that the state trial court addressed and that may be brought to the state appellate court, proceeding simultaneously in both forums would ensure "duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue." *Caminiti*, 962 F.2d at 701. Simultaneous proceedings also would incent one or the other side to attempt to delay proceedings in one forum should the other appear more favorable.  *See LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989).  This factor strongly favors abstention.

4. *The order in which jurisdiction was obtained by the concurrent forums*.  Defendants filed the foreclosure action in April 2018, nearly nine months before Plaintiffs filed this suit. This factor favors abstention.  *See Lumen Constr.*, 780 F.2d at 697 (holding that this factor favored abstention where the state case was filed five months before the federal case).

5. *The source of governing law, state or federal*.  The key question underlying Plaintiffs' claims here—whether Defendants violated the ICAA by bringing the foreclosure action—

9

presents a question of Illinois law. This favors abstention. *See Freed*, 756 F.3d at 1022 ("[A] state court's expertise in applying its own law favors a *Colorado River* stay.") (internal quotation marks omitted); *Day*, 862 F.2d at 659-60 (same).

6. *The adequacy of state court action to protect the federal plaintiffs' rights*. The state court is eminently competent to protect Plaintiffs' rights given that their claims turn on a question of state law. *See Ingalls v. AES Corp.*, 311 F. App'x 911, 915 (7th Cir. 2008) ("[B]ecause all claims stem from state law, the state court will adequately protect [plaintiff's] rights"). If Plaintiffs disagree with the state trial court's ruling that no ICAA violation occurred, they may appeal in the state court system, where they will receive a fair hearing. In any event, as noted below, by abstaining under *Colorado River*, this court is "not *dismiss[ing]* [Plaintiffs'] federal claims, but rather *stay[ing]* them pending the resolution of the state court proceeding." *Freed*, 756 F.3d at 1023. If Plaintiffs believe the state court litigation was "inadequate," they will have a chance, when the stay is lifted, to argue here that the state judgment should not be accorded preclusive effect. *Ibid*. This factor favors abstention.

7. *The relative progress of state and federal proceedings*. This factor requires the court to determine which case "appear[s] to be closer to a resolution." *Caminiti*, 962 F.2d at 702. Here, the foreclosure action is over a year old, with cross-motions for summary judgment pending. Doc. 1 at ¶ 34; Doc 20 at 7; Order Continuing Summary Judgment Motions, *Deutsche Bank Nat'l Tr. Co.*, *supra*, Order (May 20, 2019). This factor favors abstention.

8. *The presence or absence of concurrent jurisdiction*. The premise underlying Plaintiffs' claims here—that Defendants violated the ICAA—can and has been handled in state court, so this factor favors abstention. *See Beal Bank*, 2017 WL 372325, at *5.

10

9. *The availability of removal.* This factor "intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed." *Freed*, 756 F.3d at 1023. Because the state foreclosure action involves no federal claims, Doc 1 at ¶¶ 9-10, the diversity jurisdiction would provide the only potential avenue for removal. Removal under the diversity jurisdiction would fail for at least two reasons. First, because Plaintiffs are Illinois citizens, Doc. 1 at ¶ 9, the forum defendant rule prohibits them from removing the state action. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000) (discussing the forum defendant rule). Second, removal would fail due to untimeliness, as Plaintiffs were served in the state foreclosure action far more than thirty days ago, and in fact well over thirty days before they filed this suit. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed … within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant …."). Thus, because removal of the state foreclosure action is not available now and would not have been available at the time this suit was filed, a stay would "prevent [this court] from hearing claims that are closely related to state proceedings that cannot be removed," *Freed*, 756 F.3d at 1023, thus favoring abstention.

10. *The vexatious or contrived nature of the federal claims.* There is no need to comment adversely on Plaintiffs' motives to conclude that, because their claims here seek to litigate an issue that they themselves raised in the state foreclosure action, this suit is "vexatious" and "contrived" within the meaning of *Colorado River*. *See id*. at 1024 (noting that this "factor

can weigh in favor of abstention when the claims and parties in the federal suit could have been included in the original state court proceeding"). This factor favors abstention.

In sum, nearly all the *Colorado River* factors favor abstention, providing the "exceptional circumstances" necessary to abstain. The only remaining question is whether this suit should be dismissed or stayed. The Seventh Circuit routinely holds that *Colorado River* should be implemented through a stay, not dismissal. *See Montaño v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004); *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851-52 (7th Cir. 2002). Accordingly, this suit is stayed pending further proceedings in the state foreclosure action. When that action (including any appeals) concludes, or at any appropriate juncture before then, any party may move to lift the stay and proceed in a manner consistent with the state court's rulings and applicable preclusion law. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) ("It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of … preclusion.").

## Conclusion

Defendants' motion is granted, and this case is stayed under the *Colorado River* doctrine pending further proceedings in the state foreclosure action, *Deutsche Bank National Trust Co. v. Rodriguez*, No. 18 CH 5297 (Ill. Cir. Ct., Cook Cnty.).

September 4, 2019

_____
United States District Judge

12